IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CHRIS JAMES LEONARD**                                                                **PETITIONER**

**V.**                                                              **CIVIL ACTION NO. 5:10cv37-DCB-MTP**

**STATE OF MISSISSIPPI, ET AL.**                                                      **RESPONDENTS**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is the Motion to Dismiss [14] filed by Respondents and the Motion for Summary Judgment [20] filed by Petitioner. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Respondents' Motion to Dismiss [14] be granted and Petitioner's Motion for Summary Judgment [20] be denied.

### Background

Petitioner Chris James Leonard, proceeding *pro se* and *in forma pauperis*, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on March 22, 2010. In his petition, Petitioner challenges an "unadjudicated detainer" lodged by the City of Natchez, Mississippi with the Louisiana Department of Corrections ("LDOC"). Petitioner is currently incarcerated at the Phelps Correctional Center in Dequincy, Louisiana on separate charges. Petitioner claims the detainer was lodged against him by the City of Natchez on or about July 14, 2009, based on two warrants for uttering forgery.

Petitioner claims the detainer has resulted in the LDOC's refusal to release him "under the terms of the Work Release Program" or to grant him "Trustee" status. Petition [1] at 3. He alleges that the detainer is having "adverse consequences" on his imprisonment, is affecting "the rehabilitative efforts," and is causing him anxiety. *Id*. at 5.

Petitioner claims he has attempted to exhaust his administrative remedies through the Administrative Remedy Program ("ARP") at his current correctional facility in Louisiana, by

filing a state habeas petition against the Warden of his current facility in Louisiana, and by filing four motions for resolution of the detainer in the Circuit Court of Adams County, Mississippi. Petitioner avers that the Adams County Circuit Court has not ruled on these motions. Petitioner also states that he has filed a writ of habeas corpus in the Adams County Circuit Court. *See* Response [5]. Finally, Petitioner filed a "motion for writ of habeas corpus extradition" with the Mississippi Supreme Court on or about September 28, 2010. *See* Letter and Attachments [18].

Petitioner seeks the following relief: an order directing the State or Mississippi and the Adams County Prosecutor to adjudicate the detainers lodged against Plaintiff within ninety days or to dismiss the detainers and/or indictments pending against him. *See* Response [5].

In their Motion to Dismiss [14], Respondents contend that the instant petition should be denied because Petitioner has failed to state a claim which represents the deprivation of a constitutional right because only arrest warrants have issued and he has not yet been arrested or indicted, thus his speedy trial rights have not been triggered. Assuming *arguendo* that Petitioner has raised a claim upon which relief can be granted, Respondents submit that Petitioner has failed to properly exhaust his state court remedies.

In his Response [19] to Defendants' Motion [14] and his Cross Motion for Summary Judgment [20], Petitioner states that contrary to Respondents' contention, he was arrested, questioned on the pending detainers by Natchez police detectives in July 2009, and remanded back to the State of Louisiana's custody, and thus is entitled to his constitutional speedy trial rights. He further claims he has exhausted all of his available administrative remedies.

Analysis

To the extent Petitioner, as a pre-trial detainee, seeks to enforce Mississippi's obligation to promptly bring him to trial, his petition is properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and

regardless of the present status of the case pending against him." *Dickerson v. State of La.*, 816 F.2d 220, 224, 226 (5th Cir. 1987); *see also Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). Petitioner meets the "in custody" requirement of Section 2241. *See Dickerson*, 816 F.2d at 225; *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 n.4 (1973) ("Since the Alabama warden acts here as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer, we have no difficulty concluding that petitioner is 'in custody' for purposes of 28 U.S.C. s 2241(c)(3)."). However, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489. Further, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."[1] *Id.* at 493.

"[T]here is a distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Dickerson*, 816 F.2d at 226 (quoting *Braden*, 410 U.S. at 491). "This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second." *Brown*, 530 F.2d at 1283. "While the former objective is normally not attainable through federal habeas corpus, the latter is . . . ." *Id.*

---

[1]To the extent Petitioner is seeking to dismiss the detainer and/or arrest warrants pending against him, he may not obtain relief through a pretrial habeas corpus petition. *See Jenkins v. Mississippi*, No. 1:09cv355HSO-JMR, 2010 WL 1328949, at *1 (S.D. Miss. Mar. 29, 2010); *Pannell v. Prentiss County*, No. 1:09CV159-M-D, 2010 WL 481017, at *2 (N.D. Miss. Feb. 4, 2010) (quoting *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La.1988)) (stating that "a federal court may generally consider a habeas petition for pretrial relief from a state court *only when the accused does not seek a dismissal of the state court charges pending against him*"). Furthermore, Petitioner failed to present any "special circumstances" which warrant circumvention of the state's judicial process. *See Braden*, 410 U.S. at 489.

However, in order to obtain habeas relief, Petitioner is required exhaust his available state remedies. *Dickerson*, 816 F.2d at 225 (stating "federal courts should abstain from the exercise of . . . jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner"); *Brown*, 530 F.2d at 1283 (5th Cir. 1976). "The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Id.* "In order for a petitioner proceeding pursuant to § 2241 to exhaust his available state remedies, he would need to present the grounds of his federal habeas petition to the Mississippi Supreme Court." *Hudson v. Mississippi*, No. 1:09-cv-375-HSO-JMR, 2009 WL 2487930, at *1 (S.D. Miss. Aug. 12, 2009).

Based on the record before the court, Petitioner has not exhausted his state court remedies. As state above, Petitioner claims he has filed four motions for resolution of the detainer and a writ of habeas corpus in the Adams County Circuit Court. However, Petitioner concedes that the Adams County Circuit Court has not ruled on these motions. After filing the instant habeas petition, Petitioner filed a "motion for writ of habeas corpus extradition" with the Mississippi Supreme Court on or about September 28, 2010, which could arguably be construed as a writ of mandamus. *See* Letter and Attachments [18]. However, according to the Mississippi Supreme Court's website, Petitioner's writ, which was filed less than two weeks ago, has not yet been addressed by the court.[2] Thus, Petitioner's claim has not yet been considered by the state's highest court. *See Hudson,* 2009 WL 2487930, at *1.

Even assuming Petitioner had exhausted his state court remedies, he is not entitled to

---

[2]*See* http://www.mssc.state.ms.us/appellate_courts/generaldocket.html (last visited 10/8/10).

habeas relief. As Respondents point out, Petitioner's speedy trial rights have not been triggered because he has not yet been arrested or indicted on the Mississippi forgery charges; rather, two warrants for his arrest have been issued.[3] *See United States v. Ramos*, 586 F.2d 1078, 1079 (5th Cir. 1978) (holding that it is the "actual arrest or earlier indictment [that] triggers the right to a speedy trial" and not the issuance of an arrest warrant); *Dickerson*, 816 F.2d at 228 ("Louisiana had not yet indicted Dickerson at the time his habeas petitions were filed with the Louisiana courts; there were only two unexecuted arrest warrants outstanding. Therefore, at the time Dickerson's habeas petitions were filed with the state court, there was no trial to 'speed up.'"); *Dillingham v. United States*, 423 U.S. 64, 65 (1975) (stating "that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment"); *see also United States v. Marion*, 404 U.S. 307, 320 (1971).[4]

---

[3]Petitioner claims he was arrested by Natchez police detectives in July 2009. However, Petitioner offers no evidence of such an arrest other than his own conclusory allegations. He attaches the arrest warrants to his petition, but the warrants reflect that they have not been executed. *See* Memo [2] at 6-7. Moreover, the record is devoid of any evidence that Petitioner was actually arrested or indicted on the charges. Respondents submit that they have contacted the Natchez Police Department and verified that the outstanding arrest warrants have not yet been served, and that officials with the police department intend to arrest Petitioner pursuant to these warrants upon his release from the custody of the LDOC. Further, Respondents submit that they have contacted the Adams County District Attorney's Office and verified that Petitioner's case file has not yet been turned over to their office by the police department and, as such, they have not yet sought an indictment. *See* Motion to Dismiss [14] at 1-2; Response [21] at 2.

Petitioner also argues he is entitled to relief under the Interstate Agreement on Detainers ("IAD"). However, as Respondents point out, Mississippi is not a signatory to and thus not subject to the deadlines in that agreement. *See Smothers v. State*, 741 So. 2d 205, 206 (Miss. 1999) ("The State correctly points out that Mississippi is not a signatory to either the IAD or the UCEA [the Uniform Criminal Extradition Act], and, therefore, is bound by neither.").

[4]As stated above, the court concludes that Petitioner meets the "in custody" requirement of Section 2241. However, the custody requirement for habeas corpus proceedings "is not the same as the actual restraint required to trigger speedy trial considerations." *See Dickerson v. Guste*, 932 F.2d 1142, 1144 (5th Cir. 1991). The Mississippi detainer is not the basis for

5

RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Petitioner's Motion for Summary Judgment [20] be denied, that Respondents' Motion to Dismiss [14] be granted, and that the petition be denied.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 12th of October, 2010.

                                                                     s/Michael T. Parker
                                                                     United States Magistrate Judge

---

Petitioner's current incarceration in Louisiana. "[A] detainer merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison." *Dickerson*, 932 F.2d at 1144.