```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

CHRIS JAMES LEONARD                                    PETITIONER

VERSUS                         CIVIL ACTION NO. 5:10-cv-37-DCB-MTP

STATE OF MISSISSIPPI, et al.                          RESPONDENTS

### AMENDED ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of October 12, 2010 [docket entry no. 22]. Therein, Judge Parker recommends that the *pro se* petition of Chris James Leonard for writ of habeas corpus under 28 U.S.C. § 2241 be denied and dismissed with prejudice. Having reviewed the Petitioner's Motion, the Report and Recommendation, the Petitioner's objections thereto, and applicable statutory and case law, the Court finds and orders as follows:

Petitioner, currently in custody at the Phelps Correctional Center in Dequincy, Louisiana filed this Petition to challenge a detainer lodged by the City of Natchez, Mississippi with the Louisiana Department of Corrections ("LDOC"). Petitioner asserts his right to a speedy trial and seeks an order directing the State of Mississippi and the Adams County Prosecutor to adjudicate the detainer lodged against him within ninety days or to dismiss them. Judge Parker recommended that Petitioner's writ be dismissed because he had not yet exhausted his state court

remedies but that even if he had, his speedy trial rights had not yet been triggered because he had been neither arrested nor indicted on the Mississippi charges for which the detainer had been lodged.  Petitioner now objects to that Recommendation because (1) he has no state court remedies to exhaust because Mississippi is not party fo the Interstate Agreement on Detainers Act; and (2) his speedy trial rights attached when he was "formally charged with a crime" which he believes he has been by virtue of the Natchez detainer.

At the time Judge Parker issued his Report and Recommendation, Petitioner had a pending motion before the Mississippi Supreme Court seeking to compel the Circuit Court of Adams County, Mississippi to rule on his multiple motions for resolution of the detainer.  Accordingly, Judge Parker determined that because the Mississippi Supreme Court had not yet ruled on Petitioner's motion, he had not exhausted his state court remedies.  Since the date of the Report and Recommendation, the Mississippi Supreme Court has ruled on Petitioner's motion, construing it as a petition for writ of mandamus which that Court denied.  Accordingly, for the purposes of resolving Petitioner's objections to Judge Parker's Report and Recommendation, this Court will assume, without deciding, that Petitioner's state court remedies are now exhausted.

With respect to the substance of Petitioner's claim that his speedy trial rights were violated, this Court agrees with Judge Parker that those rights have not yet attached because Petitioner has not been arrested.  E.g., United States v. Ramos, 586 F.2d 1078, 1079 (5th Cir. 1978).  Petitioner disputes that he was not arrested but has submitted only unexecuted arrest warrants whereas attorneys for the State of Mississippi represent that the Natchez Police Department verified that the warrants have not been served.  Accordingly, Petitioner's claim that his speedy trial rights were violated must fail.

Unfortunately for Petitioner, neither Mississippi nor Louisiana have enacted the Interstate Agreement on Detainers Act ("IADA") whose purpose is to "provide for the speedy disposition of charges filed in one jurisdiction against prisoners who are serving sentences in another jurisdiction."  Birdwell v. Skeen, 983 F.2d 1332, 1335 (5th Cir. 1993).  In the absence of the IADA, "a jurisdiction [can] file a detainer on a prisoner and refuse to prosecute its case until the prisoner's release from incarceration in the first jurisdiction."  Id.  That appears to be exactly what has happened here.  Nonetheless, because the IADA does not apply and because Petitioner has not yet been arrested, his claim must be dismissed.

3

After a de novo review of the Magistrate Judge's Report and Recommendation and a review of the Petitioner's objections, the Court is unable to find any error with the Magistrate Judge's findings.  The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.  Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [docket entry no. 22] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Petitioner's objections [docket entry no. 23] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**SO ORDERED**, this the 28th day of February 2011.

 s/ David Bramlette
**UNITED STATES DISTRICT JUDGE**